# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

United States of America
v.
Jared William Pardue

)
) Case No: 5:20-cr-21-KDB-DCK-1
)
) USM No: 28506-058
)
Date of Original Judgment: 06/26/2020
Date of Previous Amended Judgment:        )  Elizabeth Freeman Greene
*(Use Date of Last Amended Judgment if Any)*     *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of    180    months **is reduced to**    161 months    .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   06/26/2020   shall remain in effect.
**IT IS SO ORDERED**.

Signed: January 29, 2024

Kenneth D. Bell
United States District Judge

Effective Date:  February 9, 2024                Kenneth D. Bell
*(if different from order date)*                *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:   Jared William Pardue
CASE NUMBER:   5:20-cr-21-KDB-DCK-1
DISTRICT:   Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 32     Amended Total Offense Level: 32
Criminal History Category: IV     Criminal History Category: III
Previous Guideline Range: 168 to 210 months   Amended Guideline Range: 151 to 188 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821. Defendant had 6 criminal history points before the addition of the 2 status points. (Doc. No. 29, ¶ 67). With the removal of the 2 status points, criminal history points of 6 equals a criminal history category III. With an Offense Level of 32 and a criminal history category III, the sentencing guideline range becomes 151-188 months imprisonment. The Court imposed a sentence 14.285% below the high end of the range for a sentence of 180 months. Applying the same reduction to the high end of the amended range, yields a sentence of 161 months. Furthermore, he has had no incident reports while in prison and is taking advantage of education and programming courses. (Doc. No. 37, Exhibit 1). There is no need for an appointment of counsel.